UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MANCILLAS VASQUEZ**                             **CASE NO.  1:26-CV-00290 SEC P**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**WARDEN WINN CORRECTIONAL**                      **MAGISTRATE JUDGE HORNSBY**
**CENTER ET AL**

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for Immediate Release or, in the Alternative, an Individualized Bond Hearing" (Doc. 2) wherein *pro se* Petitioner Cristian Mancillas Vasquez, a native of Guatemala, moves to be released from detention by Immigration and Customs Enforcement ("ICE") and/or receive a bond hearing for potential release. In his Emergency Motion, Petitioner informs the Court that he has strong ties to Montgomery, Alabama, family responsibilities, employment history, and extensive community support.[1]

Petitioner has filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241. Both the Petition and the instant motion challenge Petitioner's detention by ICE. Petitioner does not allege that he is being removed, and it appears based on the ICE Locator Link, that he has a hearing scheduled before Immigration Judge Christopher Phan on March 6, 2026.

---

[1] Doc. 2.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. See *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. See *Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As previously noted, Petitioner seeks immediate release, or in the alternative, a bond hearing. To the extent petitioner seeks to be immediately released or to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. The Court is reluctant to set a precedent that would interfere with the Government's adjudication of Petitioner's immigration status. Accordingly,

**IT IS ORDERED** that the Emergency Motion for Immediate Release or, in the Alternative, an Individualized Bond Hearing (Doc. 2) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 25th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**